UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JEFFREY CHILDS, | : | |
| Petitioner, | : | Civ. No. 18-11410 (RBK) |
| v. | : | |
| DAVID ORTIZ, | : | OPINION |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner, a federal inmate, filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging how the Federal Bureau of Prisons ("BOP") has calculated his sentence. (ECF No. 1.) Respondent filed an Answer, (ECF No. 6.), and Petitioner filed a Reply, (ECF No. 7.) For the reasons discussed below, the Court will deny the Petition.

## I.   BACKGROUND

This case arises from Petitioner's participation in a drug trafficking conspiracy. As a result of his participation, both the State of New York and the federal government pressed charges against Petitioner. On September 20, 2015, state authorities arrested Petitioner for attempted criminal possession of a controlled substance and released him from custody on September 25, 2015. (ECF No. 6-2, at 1, 7.) State authorities re-arrested Petitioner on January 6, 2016, for sale of a controlled dangerous substance, cocaine. (*Id*. at 2.) The state court revoked his bond and he remained in custody after this arrest.

On March 30, 2016, Petitioner was convicted in both state cases, and on April 27, 2016, the state court sentenced Petitioner to 2 years in prison for sale of a controlled substance (cocaine), and a concurrent 18-month term for attempted criminal possession of a controlled substance. (*Id*.

at 9.)  Additionally, because of the new convictions, the state court revoked Petitioner's parole on a 2012 state conviction. (*Id*. at 2, 14.)

Due to his time in state custody before sentencing, the state court awarded Petitioner 134 days of jail credit toward the two state sentences. (*Id*. at 2.)  These credits account for Petitioner's time in jail between September 20, 2015, and September 25, 2015, and then January 6, 2016, through May 12, 2016. (*Id*. at 2, 7, 12.)  In total, Petitioner served 2 years, 3 months, and 14 days on his state sentences for the two 2016 convictions, as well as his parole violation. (*Id*.)

Turning then to his federal prosecution, the United States District Court for the Southern District of New York, unsealed the indictment against Petitioner and others, on June 15, 2016. (ECF No. 6-4, at 4.)  On July 6, 2016, Petitioner was still in state custody serving his state sentences, and federal authorities transferred him to temporary federal custody through a writ of habeas corpus *ad prosequendum*. (ECF No. 6-2, at 3, 17–18.)  On March 23, 2017, Petitioner pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine. (ECF Nos. 6-4, at 3–14.)

The federal court sentenced Petitioner to a 74-month term on July 14, 2017. (ECF No. 6-2, at 20–21.)  The court also ordered Petitioner's federal sentence to run concurrently with the undischarged terms of imprisonment from Petitioner's state cases. (*Id*.)  Although Petitioner's guidelines range under the plea agreement was 87 to 108 months, the federal court imposed a lower sentence in order to account for the time Petitioner served for his state offenses, which were the relevant conduct for his federal offense. (ECF No. 6-3, at 2.)

After his federal sentencing, officials returned Petitioner to the State of New York to complete his state sentence in a state facility. (ECF No. 6-2, at 17.)  On December 13, 2017, state officials released Petitioner on parole and transferred him to federal custody for completion of his federal sentence. (*Id*.)

Upon entering federal custody, the BOP computed Petitioner's sentence, and determined that it commenced on the date of imposition, July 14, 2017. (*Id*. at 33–34.)  The BOP did not grant prior custody credit for the time Petitioner spent in state custody because that time went toward his New York state sentences. (*Id*. at 7, 12, 34.)  Moreover, the BOP concluded that even though the federal court had imposed his federal sentence to run concurrently with his state sentences, Petitioner was not entitled to additional credit because he did not serve any qualified *presentence* time "*i.e.*, no non-federal presentence custodial time that began on or after the date of the federal offense." (ECF No. 6, at 5.)  Instead, after the date of his federal offense, Petitioner was serving *post-sentence* time, for his two state sentences and for a state parole violation. (ECF No. 6-2, at 2–3, 7, 12.)  Consequently, the BOP found that Petitioner's projected release date, with good time credits, is January 1, 2023.  (*Id*. at 34.)

After exhausting his administrative remedies, Petitioner filed the instant Petition, arguing that he "is entitled to jail credit, not presently awarded, from 7/6/16 to 7/14/17 a total of 12 months, 9 days." (ECF No. 1, at 29.)

## II.   STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).  A court addressing a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there."  28 U.S.C. § 2243.

Thus, "[f]ederal courts . . . [may] dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856.  More specifically, a district court

may "dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits . . . that the petitioner is not entitled to relief." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### III. DISCUSSION

As discussed above, Petitioner argues that he is entitled to jail credit for the time spent in custody from July 6, 2016, through July 14, 2017.  In response, Respondent contends that: (1) Petitioner was in the primary custody of New York, and any time spent in a federal facility prior to his federal sentence was credited to his New York sentences; (2) Petitioner received credit against his state sentences for the time in question, and that the law prohibits the BOP from double-crediting toward his federal sentence; and (3) that the federal court explicitly imposed a sentence that accounted for Petitioner's state sentences and did not intend to grant Petitioner credit for the time served in state custody prior to his federal sentencing.

Under our jurisprudence,  the "authority to calculate a federal sentence and provide credit for time served . . . [belongs] to the Attorney General, who acts through the BOP." *Goodman v. Grondolsky*, 427 F. App'x. 81, 82 (3d Cir. 2011) (per curiam) (citing *United States v. Wilson*, 503 U.S. 329, 333–35, (1992)).  "In calculating a federal sentence, the BOP first determines when the sentence commenced and then determines whether the prisoner is entitled to any credits toward his sentence." *Id.* (citing 18 U.S.C. § 3585).

The doctrine of primary custody is critical to the BOP's calculations.  That doctrine "relates to the determination of priority and service of sentence between state and federal sovereigns." *George v. Longley*, 463 F. App'x. 136, 138 n.4 (3d Cir. 2012) (citing *Taylor v. Reno*, 164 F.3d 440, 444 n. 1 (9th Cir. 1998)) (internal quotation marks omitted). "Custody is usually determined on a first-exercised basis, . . . and sovereigns can relinquish custody by granting bail,

dismissing charges, and paroling the defendant. Custody can also expire at the end of a sentence." *George*, 463 F. App'x. at 138 n.4 (citing *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005)); *see also Davis v. Sniezek*, 403 F. App'x. 738, 740 (3d Cir. 2010).

"The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction, regardless of the chronological order of sentence imposition." *Preston v. Ebert*, No. 12–1038, 2014 WL 4258338, at *6 (M.D. Pa. Aug. 25, 2014) (citing *Bowman v. Wilson*, 672 F.2d 1145, 1153–54 (3d Cir. 1982)) (internal quotation marks omitted).

In the present case, Petitioner was first arrested on New York state charges on September 20, 2015, and subsequently state authorities rearrested him on January 6, 2016. Petitioner appears to be under the impression that several months later, on July 6, 2016, "Petitioner was transported from NY State custody to federal custody [,] . . . had his initial appearance and was held on [federal] pretrial detention." (ECF No. 1, at 29.) Therefore, according to Petitioner, he should receive credits toward his federal sentence for the time spent in custody from July 6, 2016, until he received his federal sentence on July 14, 2017. (*Id.*)

The State of New York, however, did not relinquish primary custody over Petitioner during that time period. Instead, the federal government "borrowed" Petitioner from the state pursuant to a writ of habeas corpus *ad prosequendum.* The fact that the federal court received Petitioner in July of 2016, pursuant to a writ of habeas corpus *ad prosequendum* did not change the fact that Petitioner remained in the primary custody of the State of New York, and therefore, that time applied toward his state sentences. *See, e.g.*, *Williams v. Zickefoose*, 504 F. App'x. 105, 107 n.1 (3d Cir. 2012) (citing *Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000)); *see also Reyes v. Samuels*, No. 06–3819, 2007 WL 655487, at *5 (D.N.J. Feb.23, 2007) ("A sovereign does not relinquish

authority by producing a state prisoner for sentencing in a federal court via a writ of habeas corpus *ad prosequendum.*") (citations omitted).

After his federal sentencing in July of 2017, the federal government returned Petitioner to the State of New York to serve the remainder of his state sentences in a state facility. (ECF No. 6-2, at 3, 17–18.) Throughout that time in a federal facility, however, the State of New York had never relinquished primary custody over Petitioner.

Rather, the State of New York relinquished primary custody over Petitioner when he received parole on December 13, 2017, and then held him pursuant to a federal detainer. (*Id.* at 3, 17–18, 28–31.) At that point in time, Petitioner came under the primary custody of the federal government. Consequently, during the entire period in question, from July 6, 2016, through July 14, 2017, Petitioner was in the primary custody of the State of New York, and the state applied the time in question toward his state sentences. (*Id.* at 7–10.)

To the extent Petitioner argues that he should *also* receive credit toward his federal sentence for that time period, the Court rejects that argument. Under 18 U.S.C. § 3585(b), which governs prior custody credit:

> Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *That has not been credited against another sentence.*

(emphasis added).

Consequently, the BOP could not award Petitioner credit on his federal sentence for the time period of July 6, 2016, through July 14, 2017, because the State of New York already applied that time to his state sentences. 18 U.S.C. § 3585(b).  Stated differently, § 3585(b) prohibits Petitioner from receiving double credit for that time period.

Finally, Petitioner may be arguing that he is entitled to credits under *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993), which provides an exception to the rule against double credit.  Under *Kayfez*:

> the BOP will grant an amount of qualified double credit if the following conditions are present: (1) the non-federal and federal sentences are concurrent; (2) the raw effective full term ("EFT") date of the nonfederal term is later than the raw EFT of the federal term; and (3) the non-federal raw EFT, *after application of qualified non-federal presentence time*, is reduced to a date that is earlier than the federal raw EFT date. *See* BOP Program Statement 5880.28.

*Galloway v. Warden of F.C.I. Ft. Dix*, 385 F. App'x 59, 61 n.2 (3d Cir. 2010) (emphasis added).

In the present case, the federal sentencing court ordered Petitioner's federal sentence to run concurrently with the undischarged terms of his state sentences, which satisfies the first *Kayfez* prong. (ECF No. 6-2, at 21.)  Petitioner, however, cannot satisfy the third prong, because he was serving a state sentence, which included a parole violation, throughout the entire period in dispute, July 6, 2016, through July 14, 2017. (ECF No. 6-2, at 2–3,  9–10, 17.)

In other words, the period of custody in question was *post-sentence* state time, but *Kayfez* requires *presentence* state time to apply. *Perry-Bey v. Zuniga*, No. 17-133, 2018 WL 5442618, at *5 (W.D. Pa. Oct. 29, 2018) ("The subsequent state parole violation sentence was a continuation of the original sentence. As such, the time in dispute is not pre-sentence time, and . . . *Kayfez* [is] inapplicable.").

Taken together, Petitioner has failed to show that the BOP erred in calculating his sentence or that he is otherwise entitled to additional credits. Accordingly, the Court will deny the Petition.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny the Petition. An appropriate Order follows.


Dated: August 19, 2021                              s/Robert B. Kugler
                                                    ROBERT B. KUGLER
                                                    United States District Judge